| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | Commonwealth of Kentucky<br>Office of the Secretary of State | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

November 21, 2018

ROBERT W GLASS
160 BOLES STREET
BUNCOMBE, IL 62912

FROM:  SUMMONS DIVISION
       SECRETARY OF STATE

RE:    CASE NO: 18-CI-00266

COURT: Circuit Court Clerk
       Clay County
       316 Main St.
       Ste. 108
       Manchester, KY 40962
       Phone: (606) 598-3663

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   (1) Your attorney, or
   (2) The attorney filing this suit whose name should appear on
       the last page of the complaint, or
   (3) The court or administrative agency in which the suit is filed
       at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-E-105 Sum Code: CI | | Case #: 18-CI-00266 |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **CLAY** |
| Court of Justice   Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* DOWNEY, CONNIE, ET AL VS. ROOF BOLT TRANSPORT, INC., ET AL, *Defendant*

TO: **ROBERT W GLASS**
**160 BOLES STREET**
**BUNCOMBE, IL 62912**



RECEIVED
NOV 1 4 2018
SECRETARY

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Leshia Phillips*
Clay Circuit Clerk
Date: 11/9/2018

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ 20 _____       _____
                                                          Served By

                                                          _____
                                                          Title


Summons ID: 130888695710 26@00000058971
CIRCUIT: 18-CI-00266 Long Arm Statute – SOS - Restricted Delivery
DOWNEY, CONNIE, ET AL VS. ROOF BOLT TRANSPORT, INC., ET AL

Page 1 of 1


eFiled

NO. _____                                              CLAY CIRCUIT COURT
                                                                 DIVISION _____ ( )
                                                                 JUDGE _____

CONNIE DOWNEY, INDIVIDUALLY,

- AND -

AS ADMINISTRATRIX OF THE ESTATE OF
RALEIGH DOWNEY                                                              PLAINTIFF

v.                              **COMPLAINT**
                           *ELECTRONICALLY FILED*

ROOF BOLT TRANSPORT, INC.
3302 WEST COMMERCIAL DRIVE
MARION, ILLINOIS 62959

    SERVE:   THOMAS W. VAN HORN, JR.
                   114 SOUTH VICKSBURG STREET
                   MARION, ILLINOIS 62959

- AND -

ROBERT W. GLASS
160 BOLES STREET
BUNCOMBE, ILLINOIS                                                         DEFENDANTS

*** *** *** *** *** ***

    Comes Plaintiff, Connie Downie, Individually, and as Administratrix of the Estate of Raleigh Downey, Deceased, by and through counsel, and for her complaint and causes of action against Defendants, hereby states as follows:

## FACTS

1. Plaintiff, Connie Downey, was appointed Administratrix of the Estate of Raleigh Downey by Order of the Clay County Probate Court, Case No. 18-P-00141, entered October 17, 2018.

2. At all times relevant herein, and at the time of his death, decedent Raleigh Downey

was a resident of Manchester, Clay County, Kentucky.

3. At all times relevant herein, Plaintiff, Connie Downey, is and was the wife of Raleigh Downey and a resident of Manchester, Clay County, Kentucky.

4. At all times relevant herein, Robert W. Glass (Glass) was believed to be a legally licensed driver in the Commonwealth of Kentucky operating a tractor trailer owned by, or otherwise controlled by, Defendant Roof Bolt Transport, Inc. (Roof Bolt). Upon information and belief, Glass is a resident of Buncombe, Johnson County, Illinois.

5. That Roof Bolt, at all times herein mentioned, was the owner, or otherwise in control, of a tractor trailer being operated, maintained, or controlled by its agent, servant, and/or employee, Glass.

6. That Roof Bolt, at all times herein mentioned, was and is a duly licensed corporation in the State of Illinois that conducts business in the Commonwealth of Kentucky and uses its roadways in furtherance of that business.

7. That on or about September 20, 2018, Plaintiff travelled southbound along Interstate 75 in Lexington, Fayette County, Kentucky when a tire from the vehicle driven by Glass, who was then and there acting in his individual capacity, and as an agent, servant, and/or employee of Roof Bolt, was negligently and carelessly caused to be disconnected from his tractor trailer and struck Plaintiff's vehicle, causing serious personal injury and death to Plaintiff.

8. That Roof Bolt's actions, or lack thereof, with respect to the hiring, retention, contracting, use and/or establishment of agency relationship with Defendant Glass, or any other entity for which he served as an agent, servant or representative, constituted negligent hiring, entrustment, retention, and/or supervision, as well as made it vicariously liable.

9. That Defendant Roof Bolt and its agents, employees, representatives, and/or

contractors, through its actions, or lack thereof, was negligent with respect to the maintenance, monitoring, use and/or operation of its vehicles, including that driven by Defendant Glass.

10. That Roof Bolt knew, or should have known, that its agents, employees, representatives, and/or contractors had to follow all applicable statutes and regulations, including those concerning safety and maintenance.

11. That Roof Bolt knew, or should have known, to implement policies and procedures to ensure its agents, employees, representatives and/or contractors had to follow all applicable statutes and regulations, including those concerning safety and maintenance..

12. That Roof Bolt knew, or should have known, to act reasonably under similar circumstances for the transport of goods over the road and across state lines.

13. That Roof Bolt failed to implement, publish, or otherwise convey policies and procedures to its agents, employees, representatives, and/or contractors, including those concerning safety and maintenance..

14. That Roof Bolt, individually, and by and through its agents, assigns, servants, and/or representatives, breached its duties.

15. That Defendant Glass, through his actions, or lack thereof, was negligent with respect to the maintenance, monitoring, use and/or operation of the vehicle(s) he operated at the time the wheel became disconnected and struck the vehicle in which Plaintiff travelled.

16. The negligence of Defendant Glass, individually, and/or as an agent within the course and scope of agency, servitude and/or employment with Defendant Roof Bolt, was a substantial factor in causing Plaintiff to sustain painful injuries and death, to lose time and income from his employment, to incur the permanent impairment of his power to labor and earn money, and to incur pain and suffering, both body and mind, all of which are in excess

3

of the minimal jurisdictional limits of this Court.

17. The negligence of Defendant Roof Bolt, by and through its agents, servants and/or employee(s), including Defendant Glass, was a substantial factor in causing Plaintiff to sustain painful injuries and death, to lose time and income from his employment, to incur the permanent impairment of his power to labor and earn money, and to incur pain and suffering, both body and mind, from the time of the incident to the present and in the future, all of which are in excess of the minimal jurisdictional limits of this Court.

18. That Plaintiff hereby asserts all allowable claims for all allowable damages Individually for her loss of spousal consortium.

19. That Plaintiff hereby asserts all allowable claims for all allowable damages on behalf of the Estate of Raleigh Downey, as Administratrix.

20. That Glass, individually and as an agent, servant and/or employee of Roof Bolt, acted toward Plaintiff with a reckless disregard of Plaintiff's rights, and Glass' conduct toward Plaintiff was specifically intended, or with malice, including inferred, to cause tangible injury with a subjective awareness that the conduct would result in bodily harm. Plaintiff, therefore, demands punitive damages against Roof Bolt in an amount in excess of the minimal jurisdictional limits of this Court.

21. That Roof Bolt acted toward Plaintiff with a reckless disregard of Plaintiff's rights, and Garcia's conduct toward Plaintiff was specifically intended, or with malice, including inferred, to cause tangible injury with a subjective awareness that the conduct would result in bodily harm. Plaintiff, therefore, demands punitive damages against Roof Bolt in an amount in excess of the minimal jurisdictional limits of this Court.

**WHEREFORE**, Plaintiff, by counsel, demands as follows:

1. Judgment against Defendants for their own actions, and actions by their agents, servants, and/or employees, in a fair and reasonable amount to compensate Plaintiff for any and all allowable claims of damages under the laws of the Commonwealth of Kentucky, as well as all other damages herein alleged;

3. Trial by jury;

3. Costs herein incurred;

4. All just and proper relief to which Plaintiff may appear entitled, including the right to amend this Complaint.

Respectfully submitted,
ISAACS & ISAACS, P.S.C.

/s/ T. Paul Chumbley
T. PAUL CHUMBLEY
NICHOLAS K. HAYNES
1601 Business Center Court
Louisville, KY 40299
paul@isaacsandisaacs.com
Telephone: (502) 458-1000
Facsimile: (502) 785-7567
*Counsel for Plaintiff*

5