**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**CIVIL ACTION NO. 6:18-cv-00322**

**CONNIE DOWNEY, INDIVIDUALLY, and**
**as ADMINISTRATRIX of the ESTATE of**
**RALEIGH DOWNEY**                                                              **PLAINTIFFS**

**KALKREUTH ROOFING AND SHEET METAL, and**
**ARCH INSURANCE COMPANY**                          **INTERVENING PLAINTIFFS**

**v.**

**ROOF BOLT TRANSPORT, INC., and**
**ROBERT W. GLASS**                                                         **DEFENDANTS**

---

**RENEWED MOTION TO SEAL ATTACHMENT TO INTERVENING PLAINTIFFS'**
**ORIGINAL MOTION TO INTERVENE**

---

Comes now the Intervening Plaintiffs, by and through the undersigned counsel, and for their Renewed Motion to Seal Attachment to their original Motion to Intervene, hereby state as follows:

The Intervening Plaintiffs recognize the strong presumption in favor of open court records. However, they maintain there is a very compelling reason to seal Record Entry [R. 13-1], and sealing the same will not in any way infringe upon the public's interest in access to judicial records. As noted in its original Motion to Seal, Record Entry [R. 13-1] is comprised of the Intervening Plaintiffs' original proposed Intervening Complaint and an attachment thereto, the workers' compensation settlement agreement entered into between the Plaintiff, Connie Downey, and the Intervening Plaintiff, Kalkreuth Roofing and Sheet Metal.

Page four of the attachment, comprised of the first page of the workers' compensation settlement agreement, contains the unredacted Social Security number and date of birth of the

1

decedent. Page five of the attachment, comprised of the second page of the workers' compensation settlement agreement, contains the unredacted Social Security number and date of birth of the Plaintiff. Page eight, which is a copy of the decedent's Certificate of Death, again contains his unredacted Social Security number and date of birth. Page nine, which is a copy of the Plaintiff and decedent's Marriage License, contain both the decedent and the Plaintiff's unredacted dates of birth.

It is the presence of these unredacted personal identifiers that prompted the Intervening Plaintiffs to move for the attachment that contains them, Record Entry [R. 13-1], to be sealed. This is the only document that the Intervening Plaintiffs seek to be sealed. As noted above, it is the Intervening Plaintiffs' position that sealing the attachment, Record Entry [R. 13-1], will not infringe upon the public's right to access Court records, and for multiple reasons. The narrowly tailored sealing of Record Entry [R. 13-1] would not inhibit the public from accessing the Intervening Plaintiff's original Motion to Intervene to which it is attached. That Motion clearly sets out the basis for the Intervening Plaintiff's claims. The public will not in any way be harmed by an inability to view the attachment to the original Motion to Intervene, Record Entry [R. 13-1], as the nature of the Intervening Plaintiff's claims is elucidated in the original Motion to Intervene itself.

Moreover, in order to rectify a discrepancy regarding the proper insurance carrier, the Intervening Plaintiffs filed an Amended Motion to Intervene, Record Entry [R. 18], naming the proper insurance carrier. In this document, as well as in the original Motion to Intervene, the nature and basis of the Intervening Plaintiffs' claims are made explicit, allowing the public ample opportunity to understand the Intervening Plaintiffs' claims. Additionally, the Amended Motion to Intervene contains as an attachment an amended proposed Intervening Complaint,

which is essentially identical in content to the proposed Intervening Complaint contained in Record Entry [R. 13-1] that the Intervening Plaintiffs now seek to seal. It differs in two key respects: it names the proper insurance carrier and, more importantly, does not contain as an attachment the workers' compensation settlement agreement in which there are personal identifiers.

Simultaneous to the Intervening Plaintiffs' filing of their Amended Motion to Intervene, the undersigned also filed a Notice of Voluntary Dismissal of the claims made by the improperly identified insurance carrier in the original Motion to Intervene [R. 17]. By Order dated April 11, 2019, the Hon. Claria Horn Boom, U.S. District Court Judge, sustained the Intervening Plaintiffs' Motion to Intervene [R. 18], deemed the proposed Amended Intervening Complaint [R. 18-1] as filed as of the date of her Order, and denied the original Motion to Intervene [R. 13] as moot. The Amended Intervening Complaint [R. 27] was then filed into the record. The Amended Intervening Complaint describes fully the monetary terms of the workers' compensation settlement agreement the Intervening Plaintiffs now seek to seal as part of Record Entry [R. 13-1].

In summation, the Intervening Plaintiffs maintain sealing Record Entry [R. 13-1] will not in any way infringe upon the public's interest in access to judicial records. Record Entry [R. 13-1] contains personal identifiers that should not be disclosed to the public. If Record Entry [R. 13-1] is sealed as the Intervening Plaintiffs have requested, the public will still have full access to an understanding of the Intervening Plaintiffs' claims against the Defendants, as well as the relevant terms of the workers' compensation settlement agreement giving rise to the Intervening Plaintiffs' claims. The public will still be able to access the Intervening Plaintiff's original Motion to Intervene. The public will also be able to access the Amended Motion to Intervene and

the attached proposed Amended Intervening Complaint, as well as the Amended Intervening Complaint deemed filed by the Court. Sealing Record Entry [R. 13-1] will not deprive the public of access to any information relevant to their claims in this action, as the public can access all of the relevant information elsewhere in the record. Sealing Record Entry [R. 13-1] will only prohibit public access to personal identifiers of the Plaintiff and her decedent.

**WHEREFORE**, the Intervening Plaintiffs, by and through the undersigned counsel, pray for an Order of the Court sustaining their renewed Motion to Seal Record Entry [R. 13-1], and any further and other relief to which they may appear entitled, either at law or in equity.

Respectfully submitted,

*/s/ Allison M. Helsinger*
**ALLISON M. HELSINGER**
**MATTHEW R. HALL**
MOORE INGRAM JOHNSON & STEELE, LLP
771 Corporate Drive, Suite 430
Lexington, Kentucky 40503
Telephone:  (859) 309-0026
*Counsel for Intervening Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed with the ECF system, which will send notification of such filing to the following:

T. Paul Chumbley
Nicholas K. Haynes
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
paul@isaacsandisaacs.com
*Counsel for Plaintiffs*

John G. McNeill
Whitney L. Stepp
Landrum & Shouse, LLP
P.O. Box 951
Lexington, Kentucky 40588
jmcneill@landrumshouse.com
*Counsel for Defendants*

This 24th day of April, 2019.

*/s/ Allison M. Helsinger*
ALLISON M. HELSINGER
MATTHEW R. HALL